

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

United States District Court
Southern District of Texas
FILED

JUL 1 8 2017

David J. Bradley, Clerk

| UNITED STATES OF AMERICA | § | | |
|---|---|---|---|
| | § | | |
| v. | § | Criminal No. | **M-17-1140** |
| | § | | |
| OMAR ESPERICUETA | § | | |
| OSCAR ELIZONDO | § | | |

### SEALED INDICTMENT

**THE GRAND JURY CHARGES:**

At all times material to this Indictment:

### GENERAL ALLEGATIONS

1. Blue Cross and Blue Shield of Texas ("BCBS"), a division of Health Care Service Corporation, was a private health care insurance provider that provided insurance contracts and plans, affecting commerce, under which medical benefits, items, and services were provided to insured individuals.

2. BCBS had two general business segments, fully-insured and self-insured. Fully-insured policies relate to businesses, government entities or individuals where BCBS receives premiums and then funds all covered services. Self-insured policies relate to businesses or government entities where BCBS is paid a fee to allow the employer to utilize BCBS networks and for BCBS to process and initially pay their employee and dependent claims, but subsequently reimburse BCBS for the actual amount paid to the provider for each claim.

3. BCBS contracted with an entity called Prime Therapeutics to process prescription drug related claims. In practice, a pharmacy in the BCBS network submitted claims for prescription drugs for BCBS beneficiaries to Prime Therapeutics for processing and approval. If

the claim was approved, Prime Therapeutics notified BCBS of the amount to be paid to the pharmacy. BCBS then sent the funds to Prime Therapeutics, who in turn remitted payment to the pharmacy.

4. BCBS was a "health care benefit program" as defined by Title 18, United States Code, Section 24(b).

## DEFENDANTS

5. Defendant OMAR ESPERICUETA, a resident of Hidalgo County, Texas, is the owner and operator of Penitas Family Pharmacy, also known as Riverside Pharmacy, located in Penitas, Texas ("Penitas Pharmacy").

6. Defendant OSCAR ELIZONDO, a resident of Hidalgo County, Texas, worked as a marketer for Penitas Pharmacy.

## COUNT ONE
## CONSPIRACY TO COMMIT HEALTH CARE FRAUD
## (18 U.S.C. §§ 1347, 1349)

7. The Grand Jury incorporates by reference paragraphs 1 through 6 as though fully restated and re-alleged herein.

8. From in or about August 2015 to in or about January 2016, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendants,

**OMAR ESPERICUETA
and
OSCAR ELIZONDO**

did conspire and agree with other persons known and unknown to the Grand Jury, to knowingly and willfully, in violation of Title 18, United States Code, Section 1347, execute a scheme and artifice to defraud the health care benefit program known as BCBS, by false or fraudulent pretenses, representations, or promises, any of the money and or property owned by or under the

2

control of said health care benefit program in connection with the delivery of or payment for health care benefits, items, and medical services.

## OBJECT OF CONSPIRACY

9. The object and purpose of the conspiracy and scheme was for OMAR ESPERICUETA and OSCAR ELIZONDO to unlawfully enrich themselves and others by submitting or causing others to submit false and fraudulent claims to BCBS for prescription pain patches and scar creams that were not medically necessary, were fraudulently authorized by a physician, not authorized by a physician, and/or not delivered to the beneficiary.

## MANNER AND MEANS

10. In order to execute and carry out their illegal activities, defendants OMAR ESPERICUETA and OSCAR ELIZONDO conspired, between themselves and with others, known and unknown to the Grand Jury, and committed, aided and abetted the commission, or otherwise caused others to commit, one or more of the following acts:

   a) Due to the high reimbursement rate paid by BCBS for pain patches and scar creams, defendants and their co-conspirators targeted entities and employers throughout the Rio Grande Valley that provide employee health insurance through BCBS, such as the City of Mission, City of Pharr, Frontera Produce, and Point Isabel Independent School District (collectively the "Insured Entities").

   b) Defendants utilized marketers and contacts at the Insured Entities to approach and inform target employees that if they provided their insurance information, they could get "free" pain patches and scar creams with no co-pay.

   c) Organized dinners at which employees of the Insured Entities were given free meals and drinks to entice them to provide their insurance information in exchange for "free" pain patches and scar creams with no co-pay.

   d) Paid kickbacks to Dr. Pedro Garcia in the form of cash, loans, and prescription medication in exchange for writing fraudulent prescriptions for pain patches and scar creams.

e) Set up a temporary doctor's office for Dr. Pedro Garcia in a vacant building near the restaurant where employees were recruited for the purpose of writing fraudulent prescriptions for pain patches and scar creams for employees of Insured Entities.

f) Utilized a recreational vehicle ("RV") as a temporary mobile doctor's office for Dr. Pedro Garcia for the purpose of writing fraudulent prescriptions for pain patches and scar creams for employees of Insured Entities. The RV was parked in the parking lot outside the restaurants where employees were recruited. Throughout the dinner, employees were directed to the RV where Dr. Pedro Garcia wrote fraudulent prescriptions for pain patches and scar creams.

g) Delivered prescription pain patches and scar creams to patients before the patient saw a doctor or received a prescription.

h) Billed BCBS for pain patches and scar creams that were not delivered to patients.

i) Used the identity and insurance information of patients to submit fraudulent claims to BCBS without the authorization or consent of the patient.

j) Created fictitious documentation purporting to document collection of co-pays by patients, when in fact the required co-pay was not collected.

k) In connection with the fraudulent scheme, submitted fraudulent claims to BCBS totaling $1,794,969.

All in violation of Title 18, United States Code, Sections 1347 and 1349.

## COUNTS TWO THROUGH EIGHT
## HEALTH CARE FRAUD
## (18 U.S.C. § 1347)

11. The Grand Jury incorporates by reference paragraphs 1 through 6 and paragraph 10 as though fully restated and re-alleged herein.

12. From in or about August 2015 to in or about January 2016, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the exact dates being unknown to the Grand Jury, defendant,

**OMAR ESPERICUETA**

did knowingly and willfully execute or attempt to execute a scheme or artifice to defraud the health care benefit program known as BCBS, or to obtain by false or fraudulent pretenses,

4

representations, or promises, any of the money or property owned by, or under the custody or control of the health care benefit program known as BCBS, in connection with the delivery of, or payment for, health care benefits, items, or services. The defendant submitted, and aided, abetted, counseled, commanded, induced, procured or otherwise facilitated and caused others or attempted to cause others to submit, false and fraudulent claims to BCBS:

| Count | Patient Initials | Patient Birth Year | Date Claim Submitted (on or about) | Amount Billed | Reason Claim was Fraudulent |
|---|---|---|---|---|---|
| 2 | M.A. | 1966 | 9/4/15 | $2,758.28 | Fraudulent prescription, patient never saw a doctor, patient did not receive pain patches billed to BCBS. |
| 3 | J.G. | 1960 | 9/18/15 | $2,758.28 | Fraudulent prescription, patient received pain patches before seeing a doctor. |
| 4 | P.M. | 1966 | 9/23/15 | $2,758.28 | Fraudulent prescription, patient never saw a doctor. |
| 5 | J.R. | 1957 | 9/18/15 | $2,758.28 | Fraudulent prescription, patient received pain patches before seeing a doctor. |
| 6 | C.O. | 1982 | 8/20/15 | $2,758.28 | Fraudulent prescription, patient did not receive pain patches billed to BCBS. |
| 7 | R.Y. | 1969 | 8/25/15 | $2,758.28 | Fraudulent prescription, patient did not receive pain patches billed to BCBS. |
| 8 | C.S. | 1988 | 8/27/15 | $2,758.28 | Fraudulent prescription, patient did not receive pain patches billed to BCBS. |

All in violation of Title 18, United States Code, Sections 1347 and 2.

**COUNTS NINE THROUGH TWELVE**
**AGGRAVATED IDENTITY THEFT**
**(18 .S.C. § 1028A)**

13.     The Grand Jury incorporates by reference paragraphs 1 through 6 and paragraph 10 as though fully restated and re-alleged herein.

14. From in or about August 2015 to in or about January 2016, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the exact dates being unknown to the Grand Jury, defendant,

**OMAR ESPERICUETA**

during and in relation to a felony violation of Title 18, United States Code, Section 1347, Health Care Fraud, did knowingly transfer, possess, or use or cause others to transfer, possess, or use, without lawful authority, a means of identification of another person:

| Count | Patient Initials | Patient Birth Year | Date Claim Submitted (on or about) | Means of ID Used Without Lawful Authority |
|---|---|---|---|---|
| 9 | M.A. | 1966 | 9/4/15 | Patient's name, date of birth, and insurance identification numbers |
| 10 | C.O. | 1982 | 8/20/15 | Patient's name, date of birth, and insurance identification numbers |
| 11 | R.Y. | 1969 | 8/25/15 | Patient's name, date of birth, and insurance identification numbers |
| 12 | C.S. | 1988 | 8/27/15 | Patient's name, date of birth, and insurance identification numbers |

All in violation of Title 18, United States Codes, Sections 1028A and 2.

### COUNTS THIRTEEN AND FOURTEEN
### HEALTH CARE FRAUD
### (18 U.S.C. § 1347)

15. The Grand Jury incorporates by reference paragraphs 1 through 6 and paragraph 10 as though fully restated and re-alleged herein.

16. From in or about August 2015 to in or about January 2016, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the exact dates being unknown to the Grand Jury, defendants,

**OMAR ESPERICUETA
and
OSCAR ELIZONDO**

did knowingly and willfully execute or attempt to execute a scheme or artifice to defraud the health care benefit program known as BCBS, or to obtain by false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of the health care benefit program known as BCBS, in connection with the delivery of, or payment for, health care benefits, items, or services. The defendants submitted, and aided, abetted, counseled, commanded, induced, procured or otherwise facilitated and caused others or attempted to cause others to submit, false and fraudulent claims to BCBS, for:

| Count | Patient Initials | Patient Birth Year | Date Claim Submitted (on or about) | Amount Billed | Reason Claim was Fraudulent |
|---|---|---|---|---|---|
| 13 | D.G. | 1965 | 8/18/15 | $2,758.28 | Fraudulent prescription, patient never saw a doctor, patient refused pain patches, patient did not authorize submission of claim to BCBS. |
| 14 | F.V. | 1975 | 8/27/15 | $2,758.28 | Fraudulent prescription, patient never saw a doctor, patient did not receive pain patches billed to BCBS. |

All in violation of Title 18, United States Code, Sections 1347 and 2.

**COUNTS FIFTEEN AND SIXTEEN
AGGRAVATED IDENTITY THEFT
(19.S.C. § 1028A)**

17. The Grand Jury incorporates by reference paragraphs 1 through 6 and paragraph 10 as though fully restated and re-alleged herein.

18. From in or about August 2015 to in or about January 2016, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the exact dates being unknown to the Grand Jury, defendants,

7

**OMAR ESPERICUETA**
**and**
**OSCAR ELIZONDO**

during and in relation to a felony violation of Title 18, United States Code, Section 1347, Health Care Fraud, did knowingly transfer, possess, or use or cause others to transfer, possess, or use, without lawful authority, a means of identification of another person:

| Count | Patient Initials | Patient Birth Year | Date Claim Submitted (on or about) | Means of ID Used Without Lawful Authority |
|---|---|---|---|---|
| 15 | D.G. | 1965 | 8/18/15 | Patient's name, date of birth, and insurance identification numbers |
| 16 | F.V. | 1975 | 8/27/15 | Patient's name, date of birth, and insurance identification numbers |

All in violation of Title 18, United States Codes, Sections 1028A and 2.

## NOTICE OF FORFEITURE
## (18 U.S.C. § 982(a)(7))

19.     Pursuant to Title 18, United States Code, Section 982(a)(7), as a result of the criminal offenses charged in Counts 1 through 8, 16 and 17 of this Indictment, the United States of America gives the defendants,

**OMAR ESPERICUETA**
**and**
**OSCAR ELIZONDO**

notice that upon the conviction for a health care offense, all property, real or personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to such offense, is subject to forfeiture.

## Money Judgment

20.  The defendants are notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture, which is in the amount of at least $1,488,569, the amount paid by BCBS based on the fraudulent claims.

## Substitute Assets

21.  The defendants are notified that in the event that property subject to forfeiture, as a result of any act or omission of a defendant,

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property that cannot be divided without difficulty,

the United States will seek to forfeit any other property of the defendants up to the total value of the property subject to forfeiture, pursuant to Title 21, United States Code, Section 853(p), incorporated by reference in Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

_____
FOREPERSON

ABE MARTINEZ
ACTING UNITED STATES ATTORNEY

_____
ANDREW R. SWARTZ
ASSISTANT UNITED STATES ATTORNEY